íudge Marshall
delivered the Opinión oF the Co'ürt.
Stone the plaintiff, discharged and satisfied several debts in which he was Porter’s security, by the payment, in part, of notes of the Bank of the United States, which were paid, and received by the collecting officer, as me* ney, and ili full discharge of the debts. To recover the amount so paid, he afterwards brought an action of assumpsit for so much money paid, laid out and expended, by him, for the use of Porter, and at his request. The United States Bank notes were proved to have been equal in value to specie, and to have discharged their nominal amount of the debts: and the only question in the case, is whether proof of such a payment in bank notes is sufficient to authorize a recovery on the count for money paid.
The notes being equivalent to specie, and the debt of the principal being in fact discharged by the payment of such equivalent, the security is in justice entitled to recover, either in this action or under a special count, the full amount of the debt discharged; for he has discharged it by parting with its full value. The objection to a recovery on the general count is purely technical, and must be decided upon authority.
Bank notes cannot, strictly speaking, be denominated money. But when they circulate freely at par, and are readily convertible into specie, they are equivalent to money. And when, in any particular transaction, they, or even individual notes or bills, have been paid and received as money—they may, without any impropriety, be considered, as to that transaction and between the parties interested in and bound by it at least, as the equivalent of money.
*208 In accordance with these views, it has been decided that, if the note of the security is received by the creditor in actual discharge and extinction of the original debt, proof of these facts will be sufficient to support thé action of the security against his principal, on the count for so much money paid &c. to his use. Witherby vs. Man &c. 11 John. Rep. 519. It is also laid down by Chitty, (1 Chit. Pleadings, 385,) that 4sthe common count will suffice against a party who has received country bank notes expressly as money.” And this Court has* in various instances, adopted or sanctioned the principle* that payment may be made in the equivalent of money, if such equivalent be accepted as money; and that such payment in the equivalent of money will support the Common money counts in assumpsit; though no real money has been paid or received. Gray vs. Gray, 2 J. J. Marshall, 21; Harlan vs. Wingate’s administrator, Same, 139—40 &c.
We are therefore of the opinion, that the plaintiff had a right to recover under the count for money paid &c., the full amount of the debt which he had discharged as the surety of the defendant, although he had discharged it in bank notes. The instruction of the Court to the contrary was consequently erroneous.
The receipt of the sheriff was not evidence that the execution was discharged by Stone, and therefore the Court did not err in deciding that other proof was necessary as to that fact.
But for the error before noticed, the judgment is reversed, and the cause remanded, with instructions to order a new writ of enquiry, and a new trial thereon, on principles not inconsistent with this opinion.