## Smith *vs* Schenck.

APPEAL FROM THE JEFFERSON CIRCUIT.

*Assumpsit.  Attorney and client.  Interest.*

JUDGE GRAHAM .delivered the opinion of the Court.

PARKER, of New Albany, Indiana, being indebted to Clute & Meade, of New York, they forwarded their claim to H. Smith, of Louisville, for collection, who, regarding the debt as unsafe, because of Parker's pecuniary condition, divided the amount into two notes, and received security on each.  One of these for the sum of $535 29, and which forms the basis of the present controversy, was drawn payable to Smith, for the use of Clute & Meade, and became due 4th May, 1839. Being unpaid at maturity, Clute & Meade forwarded it to Smith for collection, and he being a general collector over an extensive territory, and having necessarily to employ attornies or sub-agents, sent this note to Crawford, a lawyer in Indiana, where the obligors resided.. Crawford immediately commenced operations by law to collect the debt.  Although Moore, the security of Parker, was (no doubt truly) represented and believed by Smith to be entirely solvent, yet in consequence of the laws at that time in force in Indiana, great hindrances were thrown in the way of collecting debts, and the anxious creditor suffered the ills and anxieties incident to "the law's delay."  On the 1st of May, 1840, Clute & Meade transferred the demand to Schenck, of which assignment or transfer Smith was duly notified, by their letter, dated 15th July, 1840, and by the letter of Schenck, dated two days afterwards. To Schenck's letter Smith responded on the 23d July, 1840, accepting the terms of the transfer, and stated that he had on his books passed the debt to the credit of Schenck, free from all charges, save on account of services for collecting; that it was then in progress of collection, and he supposed execution had been stayed

twelve months, under the laws of Indiana; that Moore was perfectly good, and he did not doubt of the collection of the debt. It is not necessary to trace the various correspondence between Schenck and Smith, the one manifesting anxiety to have his money, and the other stating why he must wait a while with patience. An execution which issued on the judgment, was levied on a small tract of land, and in July, 1841, returned not sold for want of bidders. The land was valued by commissioners for that purpose, at $100 per acre, and on the 23d October, 1841, seventeen acres were sold, and Smith and Crawford became the purchasers, for an amount exceeding the plaintiff's debt against Moore, the residue being applied to discharge a demand which Crawford, in the name of Price, held against said Moore. Crawford, the attorney and purchaser, gave a receipt to the Sheriff for the full amount of the execution in favor of Smith, (being the debt owing to Schenck.) On the day of sale and purchase, the Sheriff conveyed to Smith and Crawford, "to have and to hold the same to said Smith and Crawford, their heirs, &c., to *their own use forever*, in proportion, however, as Smith's debt is to Price's," (alias Crawford.) This may have been done without the knowledge of Smith. It was done by his agent, however, and he is bound by his agent's acts. On the 27th October, 1841, Smith in a letter to Schenck, says, "I have bid off for *the debt and for you*, seventeen acres of good land, say ¾ of a mile from New Albany." "The land ought to sell for $60 or $70 per acre." Schenck, it seems, preferred having the money rather than the land, yet supposing it had been bought for him and in his name, and that the land contained seventeen acres, did not object until he expressed his surprise at learning that there had not been any deed to him, but on the contrary, that the land had been deeded to Smith and Crawford, he complained of danger, costs, &c., and demanded a deed forthwith. To which Smith replied, "that when you have paid all costs in the matter, and our fees, the deed will be promptly made to you or your order."

Upon this state of facts, and other evidence which will presently be noticed, various questions have been made in the argument, and Smith's liability is resisted: First, on the ground that the action being *indebitatis* assumpsit, the proof does not sustain it, and various decisions of this and other Courts referred to, to show that nothing but money actually received, will support a count for money had and received. That as a general proposition, is true, but is subject to the exception of cases where the defendant is estopped to deny that he has received money—as when a Sheriff returns that he has collected money, when in fact he has received a horse for his own use: (3 *B. Monroe*, 477 ;) or where any thing equivalent to money is paid by one party, and received by the other as money: (4 *Dana*, 207.) In this case, however, the charge in the third count of the declaration, and as to which it is urged that the Court erred in their instructions, is, that Smith received from the Sheriff the amount of the debt, and thereby became liable, and being so liable, promised, &c. The receipt in the record sustains the charge. It shows that the debt was satisfied by the payment to Smith or Crawford, the attorney. They were the purchasers, not according to the record, as agents or attornies for Schenck, or for Clute & Meade, but for themselves, and for their own use. As purchasers, they were bound to pay the money to the Sheriff. Had Smith done so, and then as attorney received it back, and thus discharged the Sheriff and debtors, from the debt, there could be no doubt of his liability. Here he was the purchaser, and did not think it worth while to go through the idle and useless form of paying by one hand and receiving by the other, but at once, as attorney, receipted for money due from him as purchaser. Not only the third, but the other counts, are sustained by the proof, and the plaintiff was entitled to recover, unless upon one other ground Smith is excused from liability. It is insisted, that as attorney at law, and agent, he had discretionary power to do with the demand on Parker and Moore, as he could have done with his own, so as to secure the debt. If one attorney or agent, employ another, the

*SMITH*
*vs*
*SCHENCK.*

There are cases in which a def't, though he may not in fact have received money, will be estopped to say that he has not and will be liable in assumpsit.

SMITH
*vs*
SCHENCK.

An attorney, as agent and collector, who purchases property sold to satisfy a debt due to his client, of which he has the collection, and receipts therefor to the Sheriff, is liable to his client for the money and interest in assumpsit.

former, as a legal proposition, is bound for the acts of the other; and Smith, by his publication to the world, as shown in the record, undertook to transact the extensive business sought by him, through the agency of others to be appointed by himself.

As a collector, his duty extended no further than to secure and collect debts in money. Instructions from his clients, or an authority from them to act as in his discretion he might deem to be their interest, would, however, have autorized him to receive property; and perhaps circumstances may sometimes occur, which even without instructions or permission from his client, would excuse an attorney in the reception of property instead of money. No such state of facts is shown here. Smith repeatedly stated in his correspondence, that the debt was safe, and that when bidders could be had, the money would be made. He ought not, because he was "*tired*" of the delay, to have purchased land without his client's knowledge or consent. He however proves by the members composing the firm of Clute, &c., that although no special authority was given in this case, they would have been content with any arrangement or purchase Smith might have made. These indulgent creditors, who manifest so much confidence in the integrity, fidelity and discretion of Smith, had ceased to have any right to interfere in the matter. Their rights had long since passed into the hands of Schenck, and he ought to have been consulted, and his consent obtained to the purchase before it was made. This was not done. But it is said that he sanctioned the purchase after it was made. It is true, that while he remained ignorant of facts, and as to them was led into error by Smith, he did not disclaim it, although he preferred having his money to the valuable land three fourths of a mile from the city of Albany, and worth $60 or $70, and that preference existed when he supposed, from Smith's information, that the tract contained seventeen acres, and that the purchase was made for him in his own name. There is no proof that the land was worth any thing. The purchase was in Smith's name and that of Crawford, and for their own use,

Smith's portion not exceeding twelve acres, instead of being seventeen. Schenck did not sanction this purchase, but disapproved of it as soon as the truth of the case was made known to him. He instantly demanded a deed, which Smith refused to make, except on terms. To obtain his money, he has instituted this action. It is highly creditable to the gentlemen of the bar in this State, that so few complaints have in Courts of Justice, been made of their conduct by those who have entrusted business to their care, and we trust that in the future they will continue to deserve the confidence thus hitherto reposed in them. To do so, however, they must confine themselves to their powers under the law, or to the instructions of their employers. Although the purchase was made by Crawford, and the deed made to Smith and Crawford, for their own use, without the knowledge of Smith, he is to his client liable for Crawford's acts; and on the whole state of facts, we are clearly of opinion, that the verdict against him was justified by the facts of the case.

We are also of opinion, that the Court did not err in refusing to continue the cause at his instance. The usage he desired to prove by the witness, if admissible, could well have been proven by others. The knowledge of a general custom cannot be confined to the knowledge of only one individual. If we are correct in these deductions, then it follows that the jury did not err in giving interest against Smith. The circumstances and facts of the case authorized them to do so. He had by his acts, caused the judgment to be satisfied, refused to pay over the money, and in good conscience ought to pay interest.

The judgment of the Court below is therefore affirmed.

*Fry and Page* for appellant; *Pilcher and Hauser* for appellee.